IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TODD A. BOND, #R0741**                                                    **PLAINTIFF**

**v.**                                                                     **CIVIL NO. 1:16-cv-259-HSO-JCG**

**GLORIA PERRY, ET AL.**                                               **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte for consideration of dismissal. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff Todd A. Bond ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on July 8, 2016. Plaintiff is an inmate of the Mississippi Department of Corrections housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Compl. [1] at 1.

On August 5, 2016, the Magistrate Judge entered an Order [8] in which he directed Plaintiff to file a Response providing additional information concerning the allegations of his Complaint [1]. The Order [8] required Plaintiff to file a Response on or before September 6, 2016. The Order [8] warned Plaintiff that his failure to timely comply with the Order or his failure to keep the Court informed of his current address could lead to the dismissal of his case. Plaintiff did not file the required documentation or otherwise respond to this Order.

On September 21, 2016, the Magistrate Judge entered an Order to Show Cause [9] requiring that Plaintiff, on or before October 13, 2016: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's prior Order [8]; and (2) comply with the Court's prior Order [8] by providing the required additional information concerning his claims. Order [9] at 1-2. Plaintiff was cautioned that his "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice." *Id*. at 3. Plaintiff did not file the required documentation or otherwise respond to the Order to Show Cause.

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders. On October 28, 2016, the Magistrate Judge entered a Final Order to Show Cause [10]. The Order [10] directed that on or before November 14, 2016, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by filing a Response providing the required information concerning the claims in his Complaint [1]. Order [10] at 1-3. Plaintiff was again warned that his

> failure to timely comply with the Order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by Plaintiff and ***will result*** in this cause being dismissed without prejudice and ***without*** further notice to Plaintiff. This is Plaintiff's final opportunity to comply with the Orders [8, 9].

*Id*. at 3 (emphasis in original). Plaintiff did not file the required documentation or

2

otherwise respond to the Final Order to Show Cause.

## II.  DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the" Court.  *Id.* at 629-30.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned several times that failure to do so would result in the dismissal of his case.  Order [8] at 4; Order [9] at 3; Order [10] at 3.  Plaintiff has not responded to the Court's Orders or otherwise contacted the Court since he filed his Acknowledgment of Receipt of Prisoner Litigation Reform Act [6] on July 22, 2016.  Such inaction presents a clear record of delay or contumacious conduct by Plaintiff.  It is apparent that Plaintiff no longer wishes to pursue this lawsuit.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

III.  CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 29th day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE